EDWARD H. KUBO, JR.  #2499
United States Attorney
District of Hawaii

FLORENCE NAKAKUNI   #2286
Chief, Narcotics Section

MARK A. INCIONG   CA BAR #163443
Assistant U.S. Attorney
Room 6100, PJKK Federal Building
300 Ala Moana Boulevard
Honolulu, Hawaii  96850
Telephone:  (808) 541-2850
Facsimile:  (808) 541-2958
E-mail:  mark.inciong@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CR. NO. 04-00475 JMS |
| | ) | |
| Plaintiff, | ) | |
| | ) | SENTENCING AGREEMENT |
| vs. | ) | |
| | ) | Date:  01/17/06 |
| LIUGALUA VAITAUTOLU, JR., | ) | Time:  1:30 p.m. |
| | ) | Judge: Honorable J. Michael |
| Defendant. | ) | Seabright |
| | ) | |

**SENTENCING AGREEMENT**

The UNITED STATES OF AMERICA, by its attorney, the United States Attorney for the District of Hawaii, and Mark A. Inciong, Assistant United States Attorney, and the Defendant, Liugalua Vaitautolu, Jr., and his attorney, Pamela O'Leary Tower, Esq., have agreed upon the following:

A. SENTENCING GUIDELINES

The Defendant understands that the District Court in imposing sentence will consider the provisions of the Sentencing

Guidelines.  The Defendant agrees that there is no promise or guarantee of the applicability or nonapplicability of any Guideline or any portion thereof, notwithstanding any representations or predictions from any source.

    B.    <u>SENTENCING WITHIN SOLE DISCRETION OF JUDGE</u>

    Defendant understands that the determination of his sentence is within the sole discretion of the sentencing judge. While the Government has agreed to recommend a sentence within the advisory guideline range of 78-97 months, Defendant understands that the sentencing judge may impose the maximum sentence provided by statute, and is also aware that any estimate of the probable sentence by defense counsel is a prediction, not a promise, and is not binding on the Court.  Likewise, the recommendation made by the Government is not binding on the Court, and it is uncertain at this time what defendant's sentence will be.

    The Defendant further understands that this agreement will not be accepted or rejected by the Court until there has been an opportunity by the Court to consider a presentence report.  The Defendant understands that the Court will not accept this agreement unless the Court determines that it adequately reflects the seriousness of the actual offense behavior and accepting the agreement will not undermine the statutory purposes of sentencing.

C.   PARTIES' SENTENCING RECOMMENDATIONS

The parties stipulate and agree that a sentence within the advisory guideline range of 78-97 months as recommended by U.S. Probation in the Presentence Report filed September 2, 2005, is both reasonable and appropriate based on all the facts and circumstances presented in this matter and in light of the United States' dismissal of the Special Information, filed February 3, 2005, which alleged the Defendant's prior felony drug conviction. Both parties further stipulate and agree they will argue for a sentence within the above-referenced guideline range.

D.   DEFENDANT'S WAIVER OF APPEAL

The Defendant is aware that he has the right to appeal the sentence imposed under Title 18, United States Code, Section 3742(a). Defendant knowingly waives the right to appeal, except as indicated in subparagraph "b" below, any sentence within the maximum provided in the statute(s) of conviction or the manner in which that sentence was determined on any of the grounds set forth in Section 3742, or on any ground whatever, in exchange for the concessions made by the prosecution in this agreement.

    a.   The Defendant also waives his right to challenge his sentence or the manner in which it was determined in any collateral attack, including, but not limited to, a motion brought under Title 28, United States Code, Section 2255, except that defendant may make such a challenge (1) as indicated in

subparagraph "b" below, or (2) based on a claim of ineffective assistance of counsel.

      b.  If the Court imposes a sentence greater than specified in the guideline range determined by the Court to be applicable to the Defendant, the Defendant retains the right to appeal the portion of his sentence greater than specified in that guideline range and the manner in which that portion was determined under Section 3742 and to challenge that portion of his sentence in a collateral attack.

      c.  The prosecution retains its right to appeal the sentence and the manner in which it was determined on any of the grounds stated in Title 18, United States Code, Section 3742(b).

DATED: January 12, 2006, at Honolulu, Hawaii.

AGREED:

|  |  |
|---|---|
|  | /s/ Liugalua Vaitautolu, Jr. |
| EDWARD H. KUBO, JR. | LIUGALUA VAITAUTOLU, JR. |
| United States Attorney | Defendant |
| District of Hawaii |  |
|  |  |
| /s/ Florence T. Nakakuni | /s/ Pamela O'Leary Tower |
| FLORENCE T. NAKAKUNI | PAMELA O'LEARY TOWER, Esq. |
| Chief, Narcotics Section | Attorney for Defendant |
|  |  |
| /s/ Mark A. Inciong |  |
| MARK A. INCIONG |  |
| Assistant U.S. Attorney |  |